**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-02773-REB

BRETT MYERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3], filed December 22, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of a mental disorder. After his application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on July 2, 2008. At the time of the hearing, plaintiff was 49 years old. He earned a GED while in prison and has not engaged in substantial gainful activity at any point relevant to his application for

benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff suffered from a severe mental impairment,[1] the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ found that plaintiff had the residual functional capacity to perform work at all exertional levels that required only occasional dealing with co-workers, no dealing with the general public, and no complex tasks (defined as having a specific vocational preparation of 3 or less). As plaintiff had no past relevant work to consider, the ALJ continued directly to step five of the sequential evaluation and determined that there were other jobs existing in significant numbers in the local and national economies that he could perform, and therefore that plaintiff was not disabled. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518,

---

[1] The ALJ also found that plaintiff's allegations of back pain did not constitute a severe physical impairment, and plaintiff does not challenge that determination on appeal.

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff argues that the ALJ erred in assessing the opinions of his treating

sources, which consequently infected his determination of plaintiff's mental residual functional capacity. I agree and reverse.

Plaintiff has been seen regularly since June, 2006, by Nicolas Rodriguez, a social worker, for counseling at the Pueblo Community Health Center. In addition, plaintiff visited Dr. Steven Martin, a psychiatrist, on three occasions between December, 2006, and May, 2008. Both Rodriguez and Dr. Martin completed mental residual functional capacity evaluation forms on plaintiff's behalf. Their opinions, which closely track one another,[2] suggest that plaintiff has moderate limitations in adaptation and moderate to marked limitations in social interaction, understanding and memory, and sustained concentration and persistence. (*See* Tr. 171-173, 181-183.) The ALJ noted these opinions, but afforded both of them "no weight." His reasons for so concluding, however, do not withstand scrutiny.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling 96-2p**, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[3] In

---

[2] Rodriguez's opinion suggests more marked limitations than does Dr. Martin's.

[3] These factors include:

either event, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision.  **Watkins**, 350 F.3d at 1301; **Goatcher v. United States Department of Health & Human Services**, 52 F.3d 288, 290 (10th Cir. 1995); **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ in this case purported to give "significant weight" to the treatment notes from Pueblo Community Health Center.  (Tr. 21.)  Ironically, however, he assigned "no weight" to the opinions of the author of those notes, Rodriguez, finding that such marked limitations were contradicted by the treatment notes.  (Tr. 20.)  In so doing, the ALJ improperly substituted his own lay opinion for the medical judgment of a treating source.  **Hamlin v. Barnhart**, 365 F.3d 1208, 1221 (10th Cir. 2004).  The ALJ was not qualified himself to determine, as he did, that plaintiff's initial Global Assessment of Functioning ("GAF") score of 55[4] and check list notations that plaintiff's mental status was within normal limits were inconsistent with Rodriguez's findings of marked limitations in plaintiff's work-related mental functional abilities.[5]  (Tr. 21.)  Similarly, the

---

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 416.927(d)(2).

[4] "The GAF is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'"  **Langley v. Barnhart**, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quoting American Psychiatric Association, **Diagnostic and Statistical Manual of Mental Disorders** at 32 (Text Revision 4th ed. 2000) ("DSM-IV")).

[5] If there were any question about the import of Rodriguez's treatment notes or their relationship to his mental residual functional capacity assessment, the ALJ should have recontacted Rodriguez for further clarification, 20 C.F.R. §§ 416.912(e) & 416.927(c)(3); **Social Security Ruling 96-5p**, 1996 WL 374183 at *6 (SSA July 2, 1996), and/or ordered a consultative psychological examination, 20 C.F.R. §

ALJ had no appropriate basis on which to find that, had plaintiff's mental condition been as severe as noted by Rodriguez, inpatient treatment would have been required. (**See** Tr. 20.)

Instead, an ALJ may reject a medical source opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." ***McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (citation and internal quotations marks omitted). Here, there was no conflicting medical evidence on which the ALJ properly could have concluded that Rodriguez's opinions did not jibe with his treatment notes. Indeed, the only other medical opinion of record, that of Dr. Martin, was generally consistent with Rodriguez's findings. Thus, the ALJ's decision to afford Dr. Martin's assessment no weight because it ostensibly was contradicted by Rodriguez's treatment notes was erroneous as well. ***See Hamlin***, 365 F.3d at 1221.

That Dr. Martin had seen plaintiff only three times over a three-year period likewise was insufficient to support the ALJ's wholesale rejection of that medical opinion. Although infrequency of treatment may be a proper consideration in determining that a treating source opinion is not entitled to controlling weight, it is not grounds for rejecting such an opinion entirely.[6] ***See*** 20 C.F.R. § 416.927(d)(2), **Social Security Ruling 96-2p**, 1996 WL 374188 at *4 (affirming that mere finding that treating source opinion is not

---

416.912(f); ***Hawkins v. Chater***, 113 F.3d 1162, 1166 (10th Cir. 1997).

[6] The Commissioner's insistence that the ALJ's express statement that he afforded Dr. Martin's and Rodriguez's opinions "no weight" was a mere "scrivener's error" is so ludicrous that simply to state the argument is to refute it.

entitled to controlling weight does not mean that opinion should be rejected, and that '[i]n many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight"). Moreover, the Commissioner's regulations specifically contemplate that the opinion of a medical source who sees the claimant infrequently may still be entitled to be considered as a treating source opinion "if the nature and frequency of the treatment or evaluation is typical for your condition(s)."  20 C.F.R. § 416.902; **see also Doyal v. Barnhart**, 331 F.3d 758, 764 (10th Cir. 2003).  The ALJ made no determination regarding whether the type of care plaintiff received from Dr. Martin typically required only yearly visits, and thus his decision to reject Dr. Martin's opinion on that basis cannot withstand scrutiny.

Given such error, the ALJ's determination of plaintiff's mental residual functional capacity is not supported by substantial evidence, and accordingly, his disability determination must be reversed.  Although plaintiff requests a directed award of benefits, I do not find that this case presents an appropriate occasion for the exercise of my discretion in that regard.  **See  Nielson v. Sullivan**, 992 F.2d 1118, 1122 (10th Cir. 1993).[7]

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to:

    a.    Recontact any treating source for further

---

[7] I do not intimate by this ruling that plaintiff is or should be found disabled.

clarification of their findings, seek the testimony of medical experts, order consultative examinations, or otherwise further develop the record as he deems necessary;

b. Reevaluate plaintiff's residual functional capacity at step four of the sequential evaluation process, articulating fully his findings in this regard and properly weighing the various medical opinions of record;

c. If necessary, redetermine at step five of the sequential evaluation process whether there are other jobs existing in significant numbers in the local and national economies that plaintiff can perform despite his residual functional capacity; and

d. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated February 5, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge