UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-02773-REB

BRETT MYERS,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

 Defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES

**Blackburn, J.**

 The matter before me is plaintiff's **Motion for EAJA Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#16] filed May, 10, 2010. I grant the motion.

 In this case, plaintiff appealed the Commissioner's decision on the ground that the ALJ erred in assessing the opinions of his treating sources. I agreed, noting that the ALJ impermissibly substituted his own judgment for that of plaintiff's treating sources by concluding that the treatment notes supported conclusions other than those reached by the treating sources themselves. (*See* **Order Reversing Disability Decision and Remanding to Commissioner** at 6 [#14] entered February 5, 2010.) Accordingly, I found that the ALJ's decision to afford those opinions no weight was not supported by substantial evidence and thus remanded the case to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the government's position. *Id.*, 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id.* at 2550 n.2. For this reason, a finding that the government's position was not supported by substantial evidence does not necessarily lead to a finding that the government's position was not substantially justified. **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

---

[1] The parties appear to agree that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

The government bears the burden of demonstrating that its position was substantially justified. **Gilbert**, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. **Pierce**, 108 S.Ct. at 2548-49; **Stephenson v. Shalala**, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." **Commissioner, Immigration and Naturalization Service v. Jean**, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." **Jackson v. Chater**, 94 F.3d 274, 279-80 (7th Cir. 1996).

Here, the Commissioner has failed to carry his burden to demonstrate that his position "during the entirety of the civil action" was substantially justified. Rather, he has limited his arguments to the narrow issue on which remand was granted. Moreover, he has done little more than simply state as a positive assertion that the ALJ's weighing of the treating source opinions was reasonable, a conclusion that clearly is belied by my discussion of the issue in my order remanding the case. Even more perplexing, the Commissioner has attempted to claim that "this case is far removed from the cases that hold an ALJ may not interpose his own medical expertise over that of a physician." (Gov't Resp. at 4 [#17] filed May 20, 2010.) Yet the distance between those cases and this one is non-existent, since this was precisely the basis on which remand was granted.[2] Accordingly, the Commissioner has failed to meet his burden of proof on the

---

[2] This argument, together with the Commissioner's reliance on a totally inapposite (and non-precedential) case, **Lopez v. Barnhart**, 183 Fed. Appx. 825 (10th Cir. June 13, 2006), lead me to wonder whether the Commissioner even bothered to review my decision before filing his response.

issue of substantial justification, and plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $5,958.21.[3] The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or the total amount of time expended or fees requested are excessive or otherwise unreasonable. Moreover, my own experience suggests that the fees requested are comparable to awards made under the EAJA in similar cases. Plaintiff, therefore, is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for EAJA Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#16] filed May, 10, 2010, is **GRANTED**; and

2. That plaintiff is **AWARDED** attorney fees of $5,958.21 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated July 1, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] This amount includes fees expended in responding to the instant motion. (*See* **Plaintiff's Reply Brief Concerning Motion for Attorneys Fees Under EAJA** at 8-9 [#18], filed May 27, 2010.)

4